## STATE OF CONNECTICUT *v.* DAVID A. MAKSIMIK

### REVIEW DIVISION OF THE SUPERIOR COURT

Decided April 4, 1967

*Alfred Santaniello,* of Norwalk, for the defendant.

*E. Arthur Morin, Jr.,* prosecuting attorney, for the state.

BY THE DIVISION. The defendant, age sixteen, pleaded guilty to four counts of breaking and entering without permission, in violation of § 53-75 of the General Statutes; one count of larceny where the value exceeded $15 but did not exceed $250, in violation of § 53-63; one count of taking a motor vehicle without the owner's permission, in violation of § 14-229; and one count of resisting arrest, in

violation of § 53-165. The prescribed penalty for a violation of § 53-75 is a fine of not more than $500 or imprisonment for not more than one year or both. The prescribed penalty for a violation of § 53-63 is a fine of not more than $200 or imprisonment for not more than six months or both. The prescribed penalty for the first violation of § 14-229 is a fine of not more than $1000 or imprisonment for not more than one year or both. The prescribed penalty for a violation of § 53-165 is a fine of $250 or imprisonment for not more than six months or both. For these seven offenses the court sentenced the defendant to be committed for an indefinite term of imprisonment to the Connecticut reformatory.

The breaking and entering charges to which the defendant pleaded guilty were in brief as follows: On December 22, 1965, the defendant and several companions broke into the Eagles Hall in Norwalk and took $120. On January 3, 1966, the defendant and a companion broke some windows in attempting to break into the Suburban Sportsman Store in Stamford but did not gain entry because of the arrival of a witness. On March 19, 1966, the defendant successfully broke into the same Suburban Sportsman Store in Stamford. However, he was frightened off by police and took only two stopwatches and a pedometer with him. On March 23, 1966, while intoxicated, the defendant and a companion broke into the home of a woman whose daughter was the defendant's girl friend.

The charges of taking a motor vehicle without the owner's permission and resisting arrest were generated by events that occurred on January 14, 1966, in Stamford. On that date the defendant, in the company of two other boys, took a car from a parking lot. After a short chase, the Stamford police apprehended the defendant. While at the

police station, the defendant became abusive, used foul language and attacked a police officer who subdued him.

Although the defendant has no prior adult record, he was on probation from the Juvenile Court for stealing a car at the time of sentencing. It appears that, despite his age, he already has an alcoholic problem. He left school in the ninth grade, where he had a poor scholastic rating and a bad attitude, did not follow directions, and needed constant prodding. The defendant is said to be immature from an emotional standpoint, his responses infantile and his impulse control poor. Yet while it cannot be gainsaid that society has obligations to its members, it is no less true that individuals are obliged to measure up to prescribed behavioral standards in order to be at liberty in society. Despite society's obligations to this young man, these seven crimes committed by him over the period of a few months show a contemptuous attitude toward the property of others and the authority of law. The antisocial posture which this defendant has allowed himself to assume, under all the circumstances, justified the sentence imposed. The remarks of the sentencing court indicated its concern for him as an individual, but the court also recognized its duty to the community in imposing sentence. In this regard, it should be noted that this defendant could have been presented on a much larger number of breaks and motor vehicle offenses than the seven counts to which he pleaded guilty.

The sentence is just and fair and should stand.

PALMER, HEALEY and BARBER, Js., participated in this decision.